UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELESTONE PERRY                                CIVIL ACTION

VERSUS                                         NUMBER: 07-0593

KIM'S MARKET & DELI, L.L.C., ET AL.            SECTION: "A"(5)

### REPORT AND RECOMMENDATION

On February 5, 2007, pro se plaintiff, Celestone Perry, filed the above-captioned complaint pursuant to Title VII, the Fair Labor Standards Act, and parallel claims under state law. (Rec. doc. 1). Named as defendants in plaintiff's complaint were Kim's Market & Deli, LLC, Kim Lee, and Don Juan Lee. (Id.). On February 7, 2007, three summonses were issued and were forwarded to plaintiff for the purpose of effecting service on the named defendants in the manner prescribed by Rule 4, Fed.R.Civ.P. (Rec. doc. 4).

In accordance with Local Rule 16.2E, after over four months had passed and a review of the record revealed that no service returns or waivers of service had been filed therein indicating

that service had been made on the named defendants, the Court ordered plaintiff to show cause, on July 18, 2007 at 11:00 a.m., as to why her lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 5). At that time, the Court granted plaintiff an additional thirty days within which to serve the named defendants and to file proof thereof in the record. (Rec. doc. 6). The Court also advised plaintiff that, because she had been granted leave to proceed in forma pauperis ("IFP") in this matter, the Marshal was available to effect service on her behalf under Rule 4(c)(2) upon being furnished with the necessary paperwork. (Id.).

On July 20, 2007, summonses were again issued as to the three named defendants and were forwarded to plaintiff for service purposes along with a certified copy of the order allowing her to proceed IFP and an instructional letter from the Clerk's Office reiterating the availability of the Marshal's Service to effect service. (Rec. doc. 7). What became of those summonses is unknown but on August 16, 2007, plaintiff requested that summonses be re-issued for the third time. (Rec. doc. 8). That was done the following day. (Rec. doc. 9). There has been no further activity in this case since that time.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its

own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over seven months since this lawsuit was filed and proof of service on the named defendants is lacking.  By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon her the need to prosecute her case.  Unfortunately, despite being granted an additional thirty days within which to effect service, and the passage of over thirty more days since that initial extension was granted, service has still not been effected upon the defendants.  As plaintiff is proceeding pro se in this matter, there failures are attributable to plaintiff herself. Accordingly, it will be recommended that plaintiff's suit be dismissed with

prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suite be dismissed with prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  26th   day of     September       , 2007.

_____
UNITED STATES MAGISTRATE JUDGE

4